



## MEMORANDUM OPINION

No. 04-12-00100-CR

James **NEALY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CR-0120
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice

Delivered and Filed: April 18, 2012

DISMISSED

On August 24, 2011, appellant was placed on community supervision for a period of two years pursuant to a plea bargain. On December 13, 2011, the terms of appellant's community supervision were amended. Appellant did not file a notice of appeal until February 15, 2012. Therefore, it appears appellant did not timely file his notice of appeal.

Also, the trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). "In a

plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted appellant permission to appeal. This court must dismiss an appeal "if a certification that shows the appellant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d). Accordingly, on February 27, 2012, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows defendant has the right of appeal was made part of the appellate record. *See Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1. No amended trial court certification has been filed; therefore, this appeal is dismissed.

PER CURIAM

Do not publish